IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| STEPHEN V. KOLBE<br>1233 Dulaney Valley Road<br>Baltimore, MD 21286<br><br>    Plaintiff,<br><br>v.<br><br>BALTIMORE COUNTY, MARYLAND<br>c/o John E. Beverungen<br>County Attorney<br>Old Court House<br>400 Washington Avenue<br>Towson, MD 21204<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No: CV-10-1349<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

Plaintiff, Stephen V. Kolbe ("Plaintiff"), by and through his undersigned counsel, Michael J. Pappas and Harrison Law Group hereby files this Verified Complaint against Baltimore County, Maryland (the "County") and alleges and states as follows:

## NATURE OF THE ACTION

1. This action challenges a Baltimore County zoning regulation that unconstitutionally interferes with and unlawfully restricts Plaintiff's First and Fourteenth Amendment rights by preventing Plaintiff from displaying political campaign signs on his private property.

2. Current Baltimore County zoning regulations as published by the County and its official publisher, General Code, LLC, require that political campaign signs be removed within seven (7) days after the closing of the polls following any primary election by an

unsuccessful primary candidate and any general election by all other candidates and further restricts the time during which Plaintiff can display most political campaign signs to forty-five (45) days prior to any primary election.

3. In addition, political signs and personal signs containing political messages are limited in size on improved residential lots to eight (8) square feet in total area.

4. Such provisions are tantamount to a ban on political speech for anywhere from seven (7) to ten (10) months each year, and when erected within the permissible time frame, operates as a content based restriction on the rights of landowners to convey political messages from their own land constituting violations of the First and Fourteenth Amendments to the United States Constitution.

5. Plaintiff brings this action to obtain declaratory relief and preliminary and permanent injunctions enjoining Baltimore County from enforcing the unconstitutional provisions of its zoning regulations.

6. In addition, Plaintiff alleges that Defendant's enforcement of political sign ordinances is a pretense for the infringement on rights guaranteed to Plaintiff under the United States Constitution of free speech and equal protection.

7. Plaintiff further alleges that Baltimore County Government or individual high level political appointees and employees of Baltimore County Government, acting as conspirators or in concert as individuals, utilize the Baltimore Code Enforcement Division of the Office of Permits and Development to coerce and intimidate citizens from exercising their free speech rights, and to create an environment in Baltimore County which is hostile to citizens expressing political persuasion for any party other than the Democrat Party.

## JURISDICTION AND VENUE

8. This action arises under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C § 1983. Jurisdiction is conferred upon the

Court by 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare the parties' rights and to grant all further relief found necessary and proper.

9. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b) because this claim arose and the Defendant resides in this District.

## PARTIES

10. Plaintiff, Stephen V. Kolbe resides at 1233 Dulaney Valley Road in Lutherville, Baltimore County, Maryland with his wife and children. Mr. Kolbe has lived in Baltimore County all of his life. Plaintiff is a Republican and a small businessman operating his statewide information technology business headquartered in Baltimore County.

11. Defendant, Baltimore County, is a body corporate and a chartered county government in the State of Maryland, doing business in and having its principal place of business in Baltimore County, Maryland.

## FACTS

12. Baltimore County Zoning Regulations ("BCZR") 450.4.13, 450.4.14 and 450.7(F) and amendments thereto (hereinafter referred to as the "Regulations"), are at issue in this matter. A copy of the BCZR 450.7.F is attached hereto and incorporated by reference herein as **Exhibit "A"**. A copy of BCZR 450.4.13 and 450.4.14 is attached hereto and incorporated by reference herein as **Exhibit "B"**.

13. Pursuant to Baltimore County Zoning Regulation 450.4.14, a "political campaign" sign is a "temporary sign displaying information about an electoral issue or a candidate for public office," and as such, cannot be any larger than eight (8) square feet on improved residential lots. See Ex. B.

14. Pursuant to Baltimore County Zoning Regulation 450.4.13, a "personal message" sign is an accessory sign displaying a political, religious or other noncommercial message," and as such, cannot be any larger than eight (8) square feet on improved residential lots. See Ex. B.

15. Baltimore County Zoning Regulation 450.7.F mandates that "[p]olitical campaign signs, if required by state law to contain an authority line on behalf of a candidate or political issue, may be erected on private property no earlier than 45 days prior to any primary election." See Ex. A.

16. Pursuant to Md. Code, Election Law, § 13-401, the majority of political campaign signs are required to contain an authority line. Specifically, an authority line must appear on any "campaign material," whether published or distributed by a campaign finance entity or any other person. Md. Code, Election Law § 13-401(a). As defined in Md. Code, Election Law, § 1-101(k)(1), "campaign material" means any material containing text, graphics, or other images relating to a candidate, a prospective candidate or the approval or rejection of a question that is published or distributed.

17. Baltimore County Zoning Regulation 450.7.F provides that political campaign signs "must be removed within seven days after the closing of polls following any primary by any unsuccessful primary candidate and within seven days after the closing of the polls following any general election by all other candidates." See Ex. A.

18. On or about July 31, 2007, United States District Court Judge Catherine C. Blake entered an order declaring BCZR 450.7.F to be unconstitutional. A copy of Judge Blake's Order is attached hereto and incorporated by reference herein as **Exhibit "C"**.

19. In disregard of Judge Blake's ruling that BCZR 450.7.F is unconstitutional and her enjoinder of Baltimore County from attempting to enforce the same, BCZR

450.7.F remains published by Baltimore County in the official version of the Baltimore County Zoning Ordinances and Baltimore County Code Enforcement Inspectors continue to cite to its authority when issuing citations to the Citizens of Baltimore County.

20. Moreover, high level officials in the Baltimore County Office of Code Inspections and Enforcement continue to threaten Republican Candidates and other citizens, with the enforcement of BCZR 450.7.F, with disregard and contempt for Judge Blake's ruling that that section was unconstitutional and unenforceable.

21. Plaintiff is a resident of Baltimore County and wishes to display a single political campaign sign on his private property in such a way that will convey an effective message to the motorists traveling by his home at the average speed of over fifty (50) miles per hour.

22. Plaintiff chose to use one reasonably placed and sized sign in order to convey his support of Robert L. Ehrlich, a Republican, for Governor.

23. Plaintiff's choice of a single 4 x 8 ft. sign was intended to provide a tasteful political message that did not distract drivers, nor block traffic views for his neighbors attempting to enter onto or exit from Dulaney Valley Road.

24. On or about May 1, 2010, Plaintiff erected a 4 x 8 ft. campaign sign (the Political Sign") on his front lawn; approximately 20 feet back from Dulaney Valley Road running in front of his home.

25. On May 7, 2010, Plaintiff received a Code Inspection and Enforcement Correction Notice (the "Citation") issued by Baltimore County Code Inspector, David W. Kirby indicating that Plaintiff had violated BCZR 450.7.F and stating that the "Ehrlich sign in front yard too large. Sign can only be 8 SQ FT." A copy of the Citation is attached hereto and incorporated by reference herein as **Exhibit "D"**.

26. The Citation also stated that the violation carried a potential fine of $200.00 per day, per violation to be placed as a lien upon the Plaintiff's tax bill unless Plaintiff removed the Political Sign form his front yard. See Ex D.

27. In addition, the Citation also indicates that the Plaintiff was charged with the commission of a misdemeanor crime and, if Plaintiff did not remove the Political Sign as directed in the Citation and was convicted, he could face 90 days in jail in addition to the aforementioned fines. See Ex. D (citing Baltimore County Code, Title 32, Section 32-3-602).

28. Although not specifically delineated on the Citation, it appears that the County was also citing BCZR 450.4.13 and 450.4.14, as these sections speak to the size of "political signs" and "personal message signs" containing political messages.

29. Pursuant to Baltimore County Zoning Regulation 450.7.F, 405.4.13 and 450.4.14, Plaintiff is precluded from displaying the majority of political campaign signs on his property for between seven (7) to ten (10) months a year and is unlawfully precluded from displaying a sign over 8 sq. ft. on his private property during the time of the year when political signs are allowed.

30. Moreover, Baltimore County Zoning Regulations 450.4.13 and 450.4.14 unduly burden the rights of homeowners by limiting their ability to place signs on their private property in excess of 8 sq. ft. while allowing owners of unimproved lots to place signs of up to 50 sq. ft. on their privately owned, but unimproved land directly adjacent to improved lots.

31. Plaintiff alleges that such preclusion infringes on his freedom of speech and expression under the First Amendment and violates the Fourteenth Amendment equal protection provisions.

32. Moreover, upon receiving the Citation, Plaintiff visited the Code Enforcement Division and was advised that the Citation had been issued "per Mike Mohler" the Deputy Director of the Baltimore County Code Inspections and Enforcement Division.

33. Upon information and belief, Plaintiff alleges that he was issued a citation as part of a concerted effort and/or conspiracy by certain members of Baltimore County Government (the "Conspirators") to infringe upon the rights provided to Plaintiff and other citizens of Baltimore County by the United States Constitution to display political messages on their private property in order to protect the interests of the political party to which Conspirators provide their support.

34. Plaintiff alleges that the Conspirators use Code Enforcement Inspectors, *inter alia*, to harass citizens in the exercise of their civil rights in Baltimore County and that the enforcement of Codes is a pretense for the unlawful infringement upon the civil rights of individuals based entirely upon the political party or candidate that the citizen supports.

35. Plaintiff took down the Political Sign form his property solely in response to the threats and intimidation contained in the Citation and heaped upon him by Baltimore County.

36. However, Plaintiff desires to re-erect the Political Sign back on his front lawn.

37. Plaintiff also alleges that Baltimore County Zoning Regulations 450.7.F, 405.4.13 and 450.4.14 also unfairly and improperly support incumbents in elections by impairing the ability of challengers to increase their name recognition.

## COUNT I

38. Plaintiff re-alleges and incorporates each of the allegations set forth in Paragraphs One (1) through Thirty-Seven (37) of this Verified Complaint as if fully stated herein.

39. Baltimore County Zoning Regulation 450.7.F is an unlawful prior restraint on free speech and, as such, is unconstitutional on its face under the First and Fourteenth Amendments of the Constitution of the United States.

40. Moreover, Defendant's enforcement of Baltimore County Zoning Regulation 450.7.F constitutes an unlawful restraint on free speech and, likewise, violates Plaintiff's rights under the First and Fourteenth Amendments of the Constitution of the United States.

41. Baltimore County Zoning Regulation 450.4.13 is an unlawful restraint on free speech and, as such, is unconstitutional on its face under the First and Fourteenth Amendments of the Constitution of the United States.

42. Moreover, Defendant's enforcement of Baltimore County Zoning Regulation 450.4.13 constitutes an unlawful restraint on free speech and, likewise, violates Plaintiff's rights under the First and Fourteenth Amendments of the Constitution of the United States.

43. Baltimore County Zoning Regulation 450.4.14 is an unlawful prior restraint on free speech and, as such, is unconstitutional on its face under the First and Fourteenth Amendments of the Constitution of the United States.

44. Moreover, Defendant's enforcement of Baltimore County Zoning Regulation 450.4.14 constitutes an unlawful restraint on free speech and, likewise, violates Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff respectfully request that this Court:

(a) Declare that Baltimore County Zoning Regulation 450.7.F constitutes a prior restraint on free speech in violation of the First and Fourteenth Amendments of the United States Constitution;

(b) Preliminarily and permanently enjoin Defendant from enforcing Baltimore County Zoning Regulation 450.7.F;

(c) Award Plaintiff his attorney's fees and costs in pursuing this action, pursuant to 452 U.S.C. § 1988;

(d) Declare that Baltimore County Zoning Regulation 450.4.13 constitutes an unlawful restraint on free speech in violation of the First and Fourteenth Amendments of the United States Constitution;

(e) Preliminarily and permanently enjoin Defendant from enforcing Baltimore County Zoning Regulation 450.4.13;

(f) Award Plaintiff his attorney's fees and costs in pursuing this action, pursuant to 452 U.S.C. § 1988;

(g) Declare that Baltimore County Zoning Regulation 450.4.14 constitutes an unlawful restraint on free speech in violation of the First and Fourteenth Amendments of the United States Constitution;

(h) Preliminarily and permanently enjoin Defendant from enforcing Baltimore County Zoning Regulation 450.4.14;

(i) Award Plaintiff his attorney's fees and costs in pursuing this action, pursuant to 452 U.S.C. § 1988; and

(j) Grant such other relief as the Court may deem just and proper under the circumstances.

## COUNT II

45. Plaintiff re-alleges and incorporates each of the allegations set forth in Paragraphs One (1) through Forty-Four (44) of this Verified Complaint as if fully stated herein.

46. Plaintiff was issued the Citation by Baltimore County Code Enforcement Inspector David W. Kirby, (Case No. CO-0077414) at the express direction of the Deputy Director of the Permits and Development Office. See Ex. D.

47. Plaintiff was issued a citation as part of a concerted effort and/or conspiracy by certain members of Baltimore County Government (the "Conspirators") to infringe upon the rights provided to Plaintiff and other citizens of Baltimore County by the United States Constitution to display political messages on their private property in order to protect the interests of the political party to which Conspirators provide their support.

48. The actions of Baltimore County, and/or the individual agents and employees of Baltimore County acting under the authority of Baltimore County, to intimidate and harass Plaintiff on the basis of the political candidate and/or political party he supports is a violation of Plaintiff's rights guaranteed under the United States Constitution.

49. Under 42 U.S.C. §1983, Baltimore County is liable to Plaintiff for damages as a result of Baltimore County violating Plaintiff's rights as guaranteed under the United States Constitution in an amount to be determined at trial of not less than his costs and fees associated with the action at hand.

50. In addition the individual actors and conspirators which deprived the Plaintiff of his rights guaranteed under the United States Constitution under the color of the authority of Baltimore County and the Baltimore County Zoning Ordinances, if acting

outside of the scope of their employment, are personally liable to Plaintiff in an amount to be determined at trial of not less than his cost and fees associated with the action at hand.

WHEREFORE, Plaintiff, Stephen V. Kolbe, demands judgment against Defendant, Baltimore County, Maryland in an amount of not less than his fees and costs associated with this action, plus post-judgment interest and such other relief as the Court may deem just and proper under the circumstances.

## VERIFICATION

I, Stephen V. Kolbe, a resident of Baltimore County, have read the Verified Complaint and declare under penalty of perjury under the laws of the United States that the foregoing factual averments are true and correct to the best of my knowledge and belief.

Date: MAY 26, 2010

Stephen V. Kolbe

Date:   May 26, 2010

Respectfully submitted,

Michael J. Pappas, Bar No. 8024
HARRISON LAW GROUP
40 West Chesapeake Avenue
Towson, Maryland 21204
(410) 832-0000

Counsel for Plaintiff,
Stephen V. Kolbe